STEWART LEE KARLIN, ESQ. (SK3720)
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y.  10007
Tel: (212) 732-9450
Fax: (212) 571-9893

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CHARLES R. SELF , OREOLUWA SALAU,
JOYCE STENA, GLENN PETERKIN, and
PHYLLIS ANDERSON,

           Plaintiff,

                                                                  08 CIV 06743 (SHS)

  v.

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and HENRY
RUBIO individually and as Principal of
Randolph High School, and
ROSALIE DAVID individually and
as Assistant Principal of Randolph
High School

           Defendants.

----------------------------------------------------------X

**MOTION FOR A PRELIMINARY INJUNCTION
AND INCORPORATED MEMORANDUM OF LAW**

      PLEASE TAKE NOTICE that under the authority of Rule 65 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court enter a preliminary injunction, pending final resolution of this action, requiring the Defendant New York City Department of Education of the City of New York and their agents to reinstate the Plaintiff.   Plaintiff requests oral argument and if necessary an evidentiary hearing on the Motion.  As set forth in the incorporated

memorandum of law and the Declaration of Phyllis Anderson filed in support of this Motion, and in the Complaint, Plaintiff meets all of the requirements for the issuance of a preliminary injunction.

Specifically, Plaintiff asserts that that her being suspended without any formal charges will cause Òirreparable harmÓ to the student athletes, to the program itself and to plaintiff in that it would be extremely difficult to restart the program from scratch which would be required, that the student athletes will be harmed irreparably, and that plaintiff's professional reputation will be irreparably harmed and that the applicable legal standards in the Second Circuit, for a preliminary injunctive relief are met.

Plaintiff Phyllis Anderson therefore respectfully requests that this Court grant a hearing on this motion as expeditiously as possible, and issue the preliminary injunction sought by the Plaintiff reinstating the plaintiff pending a final resolution of the merits of the case.

Dated:   New York, New York                    Respectfully submitted,
         August 4, 2008



                                               s/Stewart Lee Karlin
                                               STEWART LEE KARLIN (SK3720)
                                               Attorney for Plaintiff
                                               9 Murray Street, Suite 4W
                                               New York, N.Y.  10007
                                               (212) 732-9450


**INCORPORATED MEMORANDUM OF LAW**

District Courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief,

and (2) either (a) that he or she is likely to succeed on the merits, or (b) "`that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.'" *No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir.2001) (per curiam) (quoting *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir.1999)). Such relief, however, "`is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Mazurek v. Armstrong,* **520 U.S. 968**, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis and citation omitted). Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances. See *Morales v. Trans World Airlines, Inc.*, **504 U.S. 374**, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); see also *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir.2001). The district court has wide discretion in determining whether to grant a preliminary injunction, and this Court reviews the district court's determination only for abuse of discretion. See *Green Party of N.Y. v. N.Y. State Bd. of Elections,* 389 F.3d 411, 418 (2d Cir.2004); *Columbia Pictures Indus., Inc. v. Am. Broad. Cos.,* 501 F.2d 894, 897 (2d Cir.1974).

In *Bronx Household of Faith v. Board of Educ. of City of New York*, 331 F.3d 342, (2nd Cir. 2003) the Court held that to obtain a preliminary injunction a party must demonstrate: (1) that it will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor. When an

injunction sought will alter rather than maintain the status quo, a movant must show a clear or substantial likelihood of success.

Here, the irreparable harm is profound.

Plaintiff has spent several years building the track and field program. To completely shut the program would mean the program would have to be restarted from scratch and that the program would likely not be able to be restarted due to the loss of recruitment, contacts etc…

Some of the student athletes would suffer the consequences forever. The rising seniors would lose their athletic scholarships with no other opportunity of gaining access to these colleges and universities. Eliminating this program is at the expense of the student athletes that will be irrevocably harmed. These students going into 12th grade have nowhere to go and will lose their scholarships and ability to lift themselves out of poverty. Further, plaintiff's professional reputation will forever be harmed. The closing of the program without even formal charges against plaintiff will sullen her professional reputation and make it virtually impossible to restart the track and field program.

In sum, due to the fact that irreparable harm absent injunctive relief will occur, that plaintiff is likely to succeed on the merits, and that the balance of hardships tips decidedly in favor of the moving party, a preliminary injunction should issue requiring that the program be reinstated.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for a preliminary injunction be granted and any other relief that is just and equitable.

Dated:  New York, New York                    Respectfully submitted,
        August 5, 2008


                                              s/Stewart Lee Karlin
                                              STEWART LEE KARLIN (SK3720)
                                              Attorney for Plaintiff
                                              9 Murray Street, Suite 4W
                                              New York, N.Y. 10007
                                              (212) 732-9450

To:     Corporation Counsel
        via ECF