UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CHARLES R. SELF , OREOLUWA SALAU,
JOYCE STENA, GLENN PETERKIN, and
PHYLLIS ANDERSON,

        Plaintiff,                                        08 CIV 06743 (SHS)

   v.

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and HENRY
RUBIO individually and as Principal of
Randolph High School, and
ROSALIE DAVID individually and
as Assistant Principal of Randolph
High School

        Defendants.

-----------------------------------------------------X

## AFFIDAVIT OF PLAINTIFF PHYLLIS ANDERSON

STATE OF NEW YORK   )
                             :
COUNTY OF NEW YORK)

      PHYLLIS ANDERSON, being duly sworn deposes and says:

      1.      I am the plaintiff in the above captioned matter and as such am familiar with the facts and circumstances set forth below.  I submit the affidavit in support of the order to show cause to have me reinstated to the position of Physical Education teacher in Randolph High School

      2.      I was employed as a teacher from September 1978 and at Randolph High School from January 1981.  I have never had any unsatisfactory annual performance rating during my lifetime career as a teacher. At all times relevant, I performed my job competently.

3.       However, there is a pattern and practice of racial (African-American) discrimination by defendants directed at the staff and particularly the teachers at Randolph High School. Regrettably, defendants who have final authority to implement this pattern and practice of discrimination have subjected me to a biased disciplinary action causing me to be assigned to the rubber room on June 18, 2008 on pay status indefinitely while the New York City Board of Education decides whether they will charge me with any infraction.  Put simply, I have done nothing wrong, have not been charged with any infraction whatsoever and have not been told when I can return to my job as a Physical Education teacher.  In addition, I have been given unwelcome and less desirable job assignments.

4.       There are no legitimate reasons for the above conduct and the only reason for said action is the insidious pattern of discrimination against African-American teachers at Randolph as set forth in the complaint by myself and four other African-Americans.

5.       I am a coach for High School Girls Cross-Country, Girls Indoor Track and Girls Outdoor track teams.  A number of the female students are going into 12th grade and are depending on participating in theses sports in order for them to gain access to a four-year college or university. A number of girls would be eligible for athletic scholarships and admission into prestigious colleges due in part to their excelling in these sports.  Without my presence, these teams will be disbanded and the female students will no longer be eligible for these scholarships and in turn will be irreparably harmed since they will no longer be eligible to gain entry into these schools.  In addition, without the scholarships, many of the students do not have the financial means to attend these schools. (See Exhibit "A" statements from the student athletes concerning the impact that not these teams will have on them.)

6.       Also, having to close these programs will make it virtually impossible to restart these

athletic programs. The track teams will suffer irreparable harm and will not be able to restarted due the loss of my reputation and the students dispersing without ever being charged with an infraction. In short, the closing of the programs further compounds the negative impact on my professional reputation that took years to develop. It is unconscionable that this can occur while I am sitting in "the rubber room" without a formal charges being made against me.

  WHEREFORE, plaintiff pray that order be entered reinstating me into my position as a Physical Education Teacher and any other relief that is just and equitable.

                _____/s_____
                PHYILLIS ANDERSON

Sworn to me this 4th
day of August, 2008.

_____
NOTARY PUBLIC