UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| CHARLES R. SELF, OREOLUWA SALAU, JOYCE STENA, GLENN PETERKIN, and PHYLLIS ANDERSON,<br><br>Plaintiff,<br><br>-against-<br><br>DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and HENRY RUBIO individually and as Principal of Randolph High School, and ROSALIE DAVID individually and as Assistant Principal of Randolph High School<br><br>Defendants. | **DECLARATION IN OPPOSITION TO PLAINTIFF ANDERSON'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Index No. 08 Cv 06743 (SHS) |

------------------------------------------------------------------------ x

**HENRY RUBIO**, declares, pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, that the following is true and correct:

1. I am the Principal of A. Philip Randolph Campus High School ("APRCHS") and have held this position since November 2006. As such, I am familiar with the facts and circumstances set forth herein. I submit this declaration in opposition to plaintiff Phyllis Anderson's Motion For A Preliminary Injunction

2. Plaintiff Phyllis Anderson, known in the records of the New York City Department of Education ("DOE") as Phyllis Graham Anderson, is a licensed physical education teacher and one of the eight physical education teachers assigned to APRCHS. She has been teaching at APRCHS since September 1979. She was appointed as a regular full time teacher in 1981 and she has been assigned as the girl's track coach since 1982.

3. On June 18, 2007, DOE reassigned plaintiff Anderson from her duties and directed her to report to a different location. The reassignment was prompted by a complaint

received by the Office of Special Commissioner of Investigations of the City of New York ("SCI") that plaintiff Anderson engaged in employee misconduct in that she tampered with a New York State Regents Examination. See Exhibit "A", Letter of Reassignment, dated June 18, 2008.

4. Plaintiff Anderson claims that this reassignment was discriminatory and was motivated by her race. See Declaration of plaintiff Phyllis Anderson dated August 4, 2008 ("Anderson Dec."), ¶3. I categorically deny that race had anything to do with this reassignment.

5. SCI is presently investigating the allegations of employee misconduct against plaintiff Anderson under Case #07-2802 and her reassignment will remain in effect pending disposition of the investigation.

6. If SCI determines the validity of this complaint, plaintiff Anderson will likely be subject to Charges and Specifications which could lead to her removal as a teacher.

7. Plaintiff Anderson claims that she is entitled to a preliminary injunction directing her reinstatement to her position as track coach at APRCHS pending resolution of the litigation herein because:

> Without my presence, these [High School Girls Cross-Country, Girls Indoor Track and Girls Outdoor Track] teams will be disbanded and the female students will no longer be eligible for these scholarships and in turn will be irreparably harmed since they will no longer be eligible to gain entry into [a four-year college or university]....
>
> Also, having to close these programs will make it virtually impossible to restart these athletic programs. The track teams will suffer irreparable harm and will not be able to restarted [sic] due to the loss of my reputation and the students dispersing without ever being charged with an infraction....

See Anderson Dec., ¶¶5, 6.

8.  These conclusory assertions are simply not true. While plaintiff Anderson claims she is coach of the track team her role in this position is very limited. Thus, the track team is run through the Public School Athletic League ("PSAL"). The PSAL funds track team program. Accordingly, contrary to plaintiff Anderson's allegations, even without the involvement of plaintiff Phyllis Anderson, the track team will continue to be funded and operated and will not collapse.

9.  Indeed, I have already assigned another licensed, experienced and qualified physical education teacher as the track coach.

10. Furthermore, despite plaintiff Anderson's conclusory assertions plaintiff Anderson has not presented any evidence that her absence will force the students to lose scholarships and face the dire consequences she claims will occur. In fact, the contrary is true. The track team program will continue to exist and will be run by a qualified teacher and the students will still be exposed to college recruiters and the possibility of scholarships while they participate in the program.

11. In fact, the new teacher has already commenced practice for the track team.

12. Accordingly, it is respectfully requested that plaintiff Anderson's request to be returned to her position while serious charges against her are being investigated be denied.

Dated:    New York, New York
          September 5, 2008

                                                          _____
                                                          HENRY RUBIO

Exhibit "A"



THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

---

DIVISION OF HUMAN RESOURCES
65 Court Street - Brooklyn, NY 11201

## **PERSONAL and CONFIDENTIAL**

June 18, 2008

PHYLLIS GRAHAM ANDERSON
318 GREENE AVENUE Apt PVT
BROOKLYN, NY 11238

Name: PHYLLIS GRAHAM ANDERSON
Position Title: TEACHER (TRTRQ)
School: M540 - A. Philip Randolph Campus High School
EIS ID#: 0481266

Dear Mr./Ms. GRAHAM ANDERSON,

We have been informed that the following allegation(s) have been made against you on June 16, 2008:

- Employee Misconduct

In view of the seriousness of the allegation(s), effective June 18, 2008, we are reassigning you from your position as a TEACHER (TRTRQ) at M540 - A. Philip Randolph Campus High School.

Upon receipt of this letter, you are to report to 4111 Broadway (Manhattan).

This reassignment will remain in effect, pending disposition of the case and determination of any personnel action if needed. In addition, you are not to return to M540 - A. Philip Randolph Campus High School unless you have our prior written permission and your services in per session activities are suspended as a result of this reassignment.

Division of Human Resources

Received: _____  Date: _____
Signature

Index No. 08 Cv 06743 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES R. SELF, OREOLUWA SALAU, JOYCE STENA, GLENN PETERKIN, and PHYLLIS ANDERSON,

Plaintiff,

-against-

DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and HENRY RUBIO individually and as Principal of Randolph High School, and ROSALIE DAVID individually and as Assistant Principal of Randolph High School

Defendants.

**DECLARATION IN OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:* Isaac Klepfish
*Tel:* (212) 788-0897
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................., 200 ...*

*................................................................ Esq.*

*Attorney for.................................................................*

- 4 -