Index No. 08 Cv 06743 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES R. SELF, OREOLUWA SALAU, JOYCE STENA, GLENN PETERKIN, and PHYLLIS ANDERSON,

Plaintiff,

-against-

DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and HENRY RUBIO individually and as Principal of Randolph High School, and ROSALIE DAVID individually and as Assistant Principal of Randolph High School,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF PLAINTIFF PHYLLIS ANDERSON FOR A PRELIMINARY INJUNCTION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-171*
*New York, N.Y. 10007*

*Of Counsel: Isaac Klepfish*
*Tel: (212) 788-0897*
*NYCLIS No.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHARLES R. SELF, OREOLUWA SALAU, JOYCE
STENA, GLENN PETERKIN, and PHYLLIS
ANDERSON,

                                                                                                                      08 Cv 06743 (SHS)

                                              Plaintiff,

                    -against-

DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK, and HENRY RUBIO individually and as
Principal of Randolph High School, and ROSALIE
DAVID individually and as Assistant Principal of
Randolph High School,

                                              Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF PLAINTIFF PHYLLIS ANDERSON FOR A PRELIMINARY INJUNCTION**

**PRELIMINARY STATEMENT**

Plaintiff, Phyllis Anderson, is a physical education teacher employed by the New York City Department of Education ("DOE") formerly assigned to a position at A. Phillip Randolph Campus High School ("APRCHS"). She is teaching at APRCHS since September 1979 and was appointed as a regular full time teacher in 1981. She teaches physical education and has been assigned as the girl's track coach since 1982 but was reassigned from her position on June 18, 2008. She bring this action pursuant to 42 U.S.C. §1981 claiming discrimination on account of her race. She now brings a motion for a preliminary injunction seeking to be reinstated to her position as track coach at APRCHS pending resolution of this lawsuit.

This motion should be denied because plaintiff Phyllis Anderson has not established the criteria for the granting of a preliminary injunction. Plaintiff Anderson has not proven she will suffer irreparable harm nor has she shown any likelihood of success on the merits nor has she shown sufficiently severe questions going to the merits to make them a fair ground for litigation and that the balance of hardships weighs decidedly in her favor. Accordingly, defendants submit this memorandum of law in opposition to the instant motion for a preliminary injunction.

## ARGUMENT

### POINT I

**PLAINTIFF ANDERSON HAS FAILED TO ESTABLISH ANY OF THE CRITERIA WARRANTING THE GRANT OF A PRELIMINARY INJUNCTION.**

A preliminary injunction is an extraordinary measure that should not be routinely granted. Berlent v. Focus Features, LLC., 2006 U.S. Dist. LEXIS 41095, *6 (S.D.N.Y. 2006). This severe and drastic remedy is available only when the moving party can demonstrate:

> "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently severe questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in the movant's favor.

Almontaser v. New York City Department of Education, 519 F. 3d 505, 508 (2d Cir. 2008). A review of the papers submitted herein clearly demonstrates that plaintiff Anderson has not shown that she will suffer irreparable harm, or a likelihood of success of the merits or sufficiently severe questions going to the merits to make them a fair ground for litigation and a balance of the hardships weighing decidedly in her favor.

In the absence of direct evidence of discrimination, a plaintiff in an employment discrimination case under Title VII and 42 U.S.C. §1981 usually relies on the three-step McDonnell Douglas test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). First, a plaintiff must establish discrimination by showing that (i) she is a member of protected class; (ii) who performed her job satisfactory; (iii) who suffered an adverse employment action; and (iv) under circumstances giving rise to an inference of discrimination. Cedeno v. New York City Transit Authority, 2002 U.S. App. LEXIS 23106, **3 (2d Cir. 2002). After a plaintiff establishes a prima facie case, a rebuttable presumption arises and the burden shifts to the Defendants to articulate a legitimate, non discriminatory reason for the employment action. Shehab v. New York State Department of Transportation, 2006 U.S. Dist. LEXIS 18403, *10, 11 (S.D.N.Y. 2006), aff'd. 2007 U.S. App. LEXIS 21263 (2d Cir. 2007). If the Defendants articulate a nondiscriminatory reason for their action, the presumption of discrimination is rebutted and it "simply drops out of the picture." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510-11 (1993); James v. N.Y. Racing Association, 233 F.3d 149, 154 (2d Cir. 2000). In the final step the plaintiff must provide evidence that "reasonably supports a finding of prohibited discrimination," or else the City Defendants will be entitled to summary judgment. Mario v. P.C. Foods Market, 313 F.3d 758, 767 (2d Cir. 2002). Thus, the plaintiff "must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the City Defendants were not its true reasons, but were a pretext for discrimination." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000).

The only "evidence" of discrimination presented by plaintiff Anderson is her own conclusory allegations that her reassignment was discriminatory and done because of her race. See Affidavit of Phyllis Anderson ("Anderson Dec."), ¶3. However, she has not presented any

facts or admissible evidence supporting such an allegation. Moreover, defendants have articulated a legitimate non-discriminatory reason for plaintiff Anderson's reassignment. Specifically, the reassignment was prompted by a complaint received by the Office of Special Commissioner of Investigations of the City of New York ("OSI") that plaintiff Anderson engaged in employee misconduct in that she tampered with a New York State Regents Examination. See Declaration of Henry Rubio, dated September 4, 2008 ("Rubio Dec."), ¶3. OSI is presently investigating the allegations under Case #07-2802 and the reassignment will remain in effect pending the completion and disposition of the investigation. Id., ¶5. Accordingly, because the reassignment was made because of the investigation into the serious allegations made against plaintiff Anderson, plaintiff Anderson cannot show a likelihood of success on the merits. Echezona v. The City of New York, 1997 U.S. App. LEXIS 28452 (2d Cir. 1997).

To establish irreparable harm, a party must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation and that the harm is actual and imminent, not remote or speculative. Tellock v. Davis, 2003 U.S. App. LEXIS 24242, **5, 6 (S.D.N.Y. 2003). In this regard, Courts uniformly hold that in employment cases claims of loss of income, damage to reputation and difficulty in finding other employment do not constitute irreparable harm because the allegedly injured party can be made whole for such damages by reinstatement and money damages if he or she ultimately prevails in the litigation. Cooney v. Consolidated Edison Co. of New York, 2003 U.S. Dist. LEXIS 15657, *7, 8 (S.D.N.Y. 2003). Accordingly, plaintiff Anderson's assertions claims that the reassignment will create a "negative impact on [her] professional reputation", see Anderson Dec., ¶6, are utterly inadequate to demonstrate

irreparable harm.  Rao v. New York Health and Hospitals Corporation, 1990 U.S. Dist. LEXIS 16455, *18, 19 (S.D.N.Y. 1990).

Furthermore, plaintiff Anderson also fails to prove sufficiently severe questions going to the merits to make them a fair ground for litigation, and the balance of hardships tips decidedly in her favor.  Plaintiff Anderson makes a conclusory claim that because of her reassignment the track program will be disbanded and the students will suffer loss of scholarships.  See Anderson Dec., ¶¶5, 6.  However, other than making conclusory allegations, plaintiff Anderson presents no evidence for this.  In fact, the contrary is true.  First, while plaintiff Anderson claims she is coach of the track team, her role in this position is very limited.  The track team is run through the Public School Athletic League ("PSAL") and PSAL funds and administers the track team program.  See Rubio Dec., ¶8.  Thus, even without the involvement of plaintiff Anderson, the track team will continue to be funded and operated and will not collapse.  Id.  Moreover, the principal of APRCHS has already assigned another licensed, experienced and qualified physical education teacher as a track coach.  Id., ¶9.  Thus, the track team program continue to exist and will be run by a qualified teacher and the students will still be exposed to college recruiters and the possibility of receiving scholarships while they participate in the program.  Id., ¶10.  In fact, the new teacher has already commenced practice for the track team.  Id., ¶11.  Under these circumstances, plaintiff Anderson cannot show that the balance of hardships weighs decidedly in her favor.

Finally, plaintiff does not have standing to raise to claim that the students of the track team will suffer harm because they will not be eligible for scholarships.  The doctrine of standing is an essential component of the "case" or "controversy" requirement of Article III federal jurisdiction.  National Council of La Raza v. Mukasey, 2008 U.S. App. LEXIS 14129, *4

(2d Cir. 2008). To establish standing a plaintiff must show that (1) he or she suffered an "injury in fact" which is (a) concrete and particularized and (b) actual or imminent not conjectural or hypothetical. <u>Compagnie Noga D'Importation Et D'Exportation, S.A. v. The Russian Federation</u>, 2008 U.S. Dist. LEXIS 62925, *10, 11 (S.D.N.Y. 2008). A claim that seeks redress for the harm to other individuals, such as the students, does not meet this standard. <u>Perri v. Bloomberg</u>, 2008 U.S. Dist. LEXIS 59091, *4, fn. 1 (E.D.N.Y. 2008).

## **CONCLUSION**

For the foregoing reasons defendants respectfully request that the Court deny plaintiff Anderson's motion for a preliminary injunction and grant such other and further relief as to this Court seems just and proper.

Dated:      New York, New York
            September 5, 2008

                                             MICHAEL A. CARDOZO
                                             Corporation Counsel of the
                                               City of New York
                                             Attorney for City Defendants
                                             100 Church Street, Room 2-171
                                             New York, New York 10007
                                             (212) 788-0897

                                          By: _____
                                               ISAAC KLEPFISH (IK 3478)
                                               Assistant Corporation Counsel
                                               iklepfis@law.nyc.gov

ROBERT KATZ
ISAAC KLEPFISH
    Of Counsel