STEWART LEE KARLIN
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y. 10007
(212) 732-9450
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CHARLES R. SELF , OREOLUWA SALAU,
JOYCE STENA, GLENN PETERKIN, and
PHYLLIS ANDERSON,

                Plaintiff,

                                          **AMENDED COMPLAINT AND JURY**
                                          **DEMAND**

       -against-                                  **08 CIV 06743 (SHS)**

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK,

                Defendant.

------------------------------------------------------X

### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
### AND MEMORANDUM IN SUPPORT OF MOTION

      COMES NOW the plaintiff by and through the undersigned attorney, and respectfully moves the Court for leave of Court pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure and in support thereof would state as follows:

      1.      Plaintiff commenced an action alleging a discrimination claim under 42 U.S.C. 2000e et.seq.. Plaintiff is seeking to amend the complaint to add a three claims, Tittle VII with respect to plaintiff Self and Stena, the Executive Law and Administrative Code claims for all plaintiffs. I had previously spoken to counsel for defendant, who indicated that he probably would not object but is out on vacation and thus unreachable. Plaintiff is filing this motion now because two of the plaintiffs (Self and Stena) have right to sue letters that are expiring although the claims would relate back.

      **PLEASE TAKE FURTHER NOTICE**, that upon incorporated memorandum of law of

this Court, the Plaintiffs will move this Court, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, on the 9th day of September, 2009, at 9:30 A.M., or as soon thereafter as counsel may be heard, for an order pursuant to Fed. R. Civ. P. 15a  for leave to amend the complaint and deem the proposed amended complaint served and filed effective the date of filing of the motion.(Exhibit "A"). together with such other and further relief as the Court may deem just and proper.

WHEREFORE, the plaintiff respectfully requests that the Court its motion for leave to amend the complaint and deem the proposed amended complaint served and filed effective the date of filing of the motion.(Exhibit "A").

**INCORPORATED MEMORANDUM OF LAW
PLAINTIFF SHOULD BE ALLOWED TO
AMEND HIS COMPLAINT IN THE COURT'S
DISCRETION SINCE NO PREJUDICE CAN
BE SHOWN AND THE PROPOSED
AMENDMENT IS NOT FUTILE.**

Federal Rule of Civil Procedure 15(a) governs the amending of a complaint.  Rule 15(a) provides in relevant part:

> "15(a).  Amendments.  A party may amend his pleading once as a
> matter of course at any time before a responsive pleading is served
> or, if the pleading is one to which no responsive pleading is
> permitted and the action has not been placed upon the trial
> calendar, he may so amend it at any time within 20 days after it is
> served.  Otherwise a party may amend his pleading only by leave
> of court or by written consent of the adverse party; and leave shall
> be freely given when justice so requires."

Plaintiff respectfully submits that the Court, in its discretion, should allow plaintiff to amend his complaint.  In <u>Forman v. Davis</u>, 371 U.S. 178 (1962) the Supreme Court enunciated guidelines to determine when an amendment should be allowed:

> "If the underlying facts or circumstances relied upon by plaintiff
> may be proper subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits.  In the absence of any
> apparent or declared reason - such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice
> to the opposing party by virtue of allowance, futility of
> amendment, etc. - the leave sought should, as the rules require, be

...

`freely given'."

Thus, leave to amend should be liberally and freely granted as long as there is at least colorable grounds for relief. <u>S.S. Silberblatt, Inc. v. East Harlem Pilot Block</u>, 608 F.2d 29 (2d Cir. 1979). Thus, only when the opposing party can establish prejudice or bad faith should leave to amend one's pleading be denied. <u>State Teacher's Retirement Board v. Floor Corp.</u>, 654 F.2d 843 (2d Cir. 1981); <u>Trade Development Bank v. Continental Insurance Company</u>, 469 F.2d 35 (2d Cir. 1972). Delay alone is insufficient reason to deny one's motion to amend one's pleading, unless done in bad faith or unless the opposing party can establish prejudice. <u>Bertland v. Sava</u>, 535 F.Supp. 1020 (S.D.N.Y. 1982).

Here it is clear that no prejudice will occur if the Court allows the proposed amended complaint since the nucleus of facts remain identical.

Thus, plaintiff submits that given the rule regarding the liberal amendment of pleadings, the Court should grant leave and deem the proposed amended complaint served and filed from the date of filing of the motion and allow defendant twenty days to respond.

In the case at bar, there can be no showing of bad faith or attempts to delay the action on plaintiff's part, or prejudice to defendant because of surprise.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully that the Court grant plaintiff's motion to amend the complaint.

Dated:  New York, New York
        August 26, 2009

                                        Yours, etc.,


                                        s/Stewart Lee Karlin
                                        STEWART LEE KARLIN, ESQ.
                                        Attorney for Plaintiff
                                        9 Murray Street, Suite 4W
                                        New York, New York, 10007
                                        (212) 732-9450


To:   Isaac Klepfish, Ass't Corp. Counsel
      via ECF

**EXHIBIT "A"**

STEWART LEE KARLIN
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y.  10007
(212) 732-9450
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CHARLES R. SELF , OREOLUWA SALAU,
JOYCE STENA,  GLENN PETERKIN,  and
PHYLLIS ANDERSON,

                Plaintiff,

                                     **AMENDED COMPLAINT AND JURY DEMAND**

       -against-                                 **08 CIV 06743 (SHS)**

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and HENRY
RUBIO individually and as Principal of
Randolph High School, and
ROSALIE DAVID individually and
as Assistant Principal of Randolph
High School

                Defendant.

-----------------------------------------------------------X

      Plaintiffs CHARLES R. SELF, OREOLUWA SALAU by and through his undersigned counsel, sues the defendant, THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, FLORIDA, (hereinafter "defendant or DOE"), in support thereof, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION-SELF

      1.     At all times material hereto, plaintiff is a resident of  County of New York, State of New York at all times relevant in the complaint.  Plaintiff is a employee within the meaning of Title VII and the ADEA in that he is African-American and over forty years of age.

      2.     The Defendant Department of Education of the City of New York is a department of the City of New York and is responsible for the public education in the City of New York.

The principal place of business is in the County of New York. Defendant is an employer within the meaning of Title VII and the ADEA.

    3.    Plaintiff has commenced this action pursuant to the Civil Rights Act of 1964, the Age Discrimination Employment Act of 1967 and the Americans with Disability Act as amended due to being subjected to intentional discrimination. This action seeks compensatory damages, costs and attorney fees. The Court has jurisdiction over the defendant pursuant to 42 U.S.C. ¶ 2000e-5, and , 29 USC 626 et.seq. as this matter concerns discrimination in employment. Plaintiff has commenced this action pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq., and the Age Discrimination Act 29 U.S.C. 626. Plaintiff duly filed a formal complaint and a notice of right to sue letter was issued and this case is commenced within 90 days of receipt conferring concurrent jurisdiction on this Court. In addition, jurisdiction over the defendants are predicated upon 28 U.S.C. 1331 and 1343 in that this is an action brought pursuant to 42 U.S.C. 1981 and the Constitution of the United States of America to redress an insidious pattern of racial discrimination. At all times material hereto, DOE, is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below.

    4.    Plaintiff Self was employed as a teacher from 1980 and at Randolph High School from 2004 and constructively resigned March 25, 2008. Plaintiff never had any unsatisfactory annual performance rating during his lifetime career as a teacher until he was assigned to Randolph High School. At all times relevant, he performed his job competently.

    5.    However, there is a pattern and practice of racial (African-American) discrimination directed at the staff and particularly the teachers at Randolph High School. Plaintiff Self has also been subject to race and age discrimination. Plaintiff Self has been subjected by defendants who have final authority to implement this pattern and practice of discrimination as set forth below:

    a.    Plaintiff Self has been subjected to biased classroom observations;

    b.    Plaintiff Self has subjected to biased performance evaluations;

    c.      Plaintiff Self has been subjected to biased disciplinary charges;

    d.      Plaintiff Self has been given unwelcome and less desirable job assignments;

    e.      Plaintiff Self has been ostracized, humiliated and otherwise treated as a second class citizen in front of his peers;

    f.      Other acts of discrimination

6.      There are no reasons legitimate reasons for the above conduct and the only reason for said action is the insidious pattern of discrimination against African-American teachers at Randolph and due to age and race discrimination in violation of Title VII, the ADEA, the Executive Law and Administrative Code of the City of New York.

7.      As a result of the defendants' actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1981 based on race, plaintiff has been deprived of equal employment opportunities in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. as amended by reason of race, and plaintiff has been deprived of equal employment opportunities based upon his age in violation of the ADEA, 29 U.S.C. 626 et. seq. as amended.

8.      As a result of defendants' actions, plaintiff suffered and was damaged.

9.      Defendants have deprived plaintiff of such rights under color of State Law.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A SECOND CAUSE OF ACTION-SELF**

10.      Plaintiff Self repeats and realleges each and every allegations contained in paragraphs numbered 1 through 9 inclusive as if fully set forth at length herein.

11.      At all times relevant, Defendant employs more than four individuals and is thus an employer within the meaning of the Executive Law § 292 (5).

12.      At all times relevant, Plaintiff is an employee and individual within the meaning of the Executive Law § 292 (1) and (6). Plaintiff is an African-American and over forty years of age.

13.      As a result of the foregoing, defendant violated Executive Law § 296 (1) (a) by

subjecting plaintiff to a hostile work environment and disparate treatment by reason of his race and age.

14. As a result of defendant violating the Executive Law, plaintiff has been damaged.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A THIRD CAUSE OF ACTION-SELF**

15. Plaintiff Self repeats and realleges each and every allegations contained in paragraphs numbered 1 through 14 inclusive as if fully set forth at length herein.

16. This Court has jurisdiction pursuant to New York City Administrative Code § 8-02. Within ten days of filing this amended complaint, plaintiff will be serving a copy of this complaint on New York City Commission on Human Rights and the New York City Corporation Counsel.

17. By reason of the foregoing, defendant violated New York City Administrative Code § 8-107 by discriminating against plaintiff due to his race and age. .As a result of defendant violating the New York City Administrative Code plaintiff has been damaged.

WHEREFORE, plaintiff Self prays that judgment be entered as follows:

1. Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of his rights, privileges and immunities as secured by the Constitution and laws of the United States, pursuant to 42 U.S.C. 1981 and by the Executive Law and Administrative Code of the City of New York;

2. Permanently enjoining the defendants from engaging in the practices complained of herein;

3. Granting compensatory damages including but not limited to back pay for the insidious practice of race and age discrimination according to proof;

4. Granting compensatory damages for injuries and accompanying pain and suffering

5. Attorney fees, costs and disbursements;

6. Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

## AS AND FOR A FOURTH CAUSE OF ACTION-SALAU

18.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 17 as if fully set forth at length herein.

19.     At all times material hereto, plaintiff is a resident of County of Westchester, State of New York at all times relevant in the complaint.  Plaintiff is an (black) and over forty years of age.

20.     The Defendant Department of Education of the City of New York is a department of the City of New York and is responsible for the public education in the City of New York.  The principal place of business is in the County of New York.

.     21.     Jurisdiction over the defendant is predicated upon 28 U.S.C. 1331 and 1343 in that this is an action brought pursuant to 42 U.S.C. 1981 and the Constitution of the United States of America to redress an insidious pattern of racial discrimination.  At all times material hereto, DOE, is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below.

22.     Plaintiff SALAU was employed as a teacher from September 1996 (Plaintiff has previously been a college professor in Nigeria) and at Randolph High School from September 2001.  Plaintiff never had any unsatisfactory annual performance rating during her lifetime career as a teacher until she was assigned to Randolph High School. At all times relevant, she performed her job competently.

23.     However, there is a pattern and practice of racial (African-American and blacks) discrimination by defendants directed at the staff and particularly the teachers at Randolph High School.  (Plaintiff Salau has also been subject to race and age discrimination as set forth below as to claims made under the Executive Law and the Administrative Code of the City of New York). Plaintiff Salau has been subjected by defendants who have final authority to implement this pattern and practice of discrimination as set forth below:

    a.     Plaintiff Salau has been subjected to biased classroom observations;

    b.     Plaintiff Salau has subjected to biased performance evaluations;

  c. Plaintiff Salau has been subjected to biased disciplinary charges;

  d. Plaintiff Salau has been given unwelcome and less desirable job assignments;

  e. Plaintiff Salau has been ostracized, humiliated and otherwise treated as a second class citizen in front of her peers;

  f. Other acts of discrimination

  g. Plaintiff Salau was suspended and reassigned on baseless allegations concerning corporal punishment and then when the charges were eventually dropped, the Claimant on was reassigned to cover classes. The job assignment to cover classes is considered among teachers as very undesirable assignment in part due to the difficulty of teaching the students.

24. There are no reasons legitimate reasons for the above conduct and the only reason for said action is the insidious pattern of discrimination against African-American teachers at Randolph (and due to age and race discrimination in violation of the Executive Law and Administrative Code of the City of New York).

25. As a result of the defendants' actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1981

26. As a result of defendants' actions, plaintiff suffered and was damaged.

27. Defendants have deprived plaintiff of such rights under color of State Law.

### PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY
### AS AND FOR A FIFTH CAUSE OF ACTION-SALAU

28. Plaintiff Salau repeats and realleges each and every allegations contained in paragraphs numbered 1 through 27 inclusive as if fully set forth at length herein.

29. At all times relevant, Defendant employs more than four individuals and is thus an employer within the meaning of the Executive Law § 292 (5).

30. At all times relevant, Plaintiff is an employee and individual within the meaning of the Executive Law § 292 (1) and (6). Plaintiff is an African-American and over forty years of age.

31.     As a result of the foregoing, defendant violated Executive Law § 296 (1) (a) by reason of her race and age.

32.     As a result of defendant violating the Executive Law, plaintiff has been damaged.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A SIXTH CAUSE OF ACTION-SALAU**

33.     Plaintiff Self repeats and realleges each and every allegations contained in paragraphs numbered 1 through 32 inclusive as if fully set forth at length herein.

34.     This Court has jurisdiction pursuant to New York City Administrative Code § 8-02. Within ten days of filing this amended complaint , plaintiff will be serving a copy of this complaint on New York City Commission on Human Rights and the New York City Corporation Counsel.

35.     By reason of the foregoing, defendant violated New York City Administrative Code § 8-107 by discriminating against plaintiff due to her race and age.  .As a result of defendant violating the New York City Administrative Code plaintiff has been damaged.

WHEREFORE, plaintiff Salau prays that judgment be entered as follows:

1.  Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of his rights, privileges and immunities as secured by the Constitution and laws of the United States, pursuant to 42 U.S.C. 1981 and by the Executive Law and Administrative Code of the City of New York;

2.  Permanently enjoining the defendants from engaging in the practices complained of herein;

3.  Granting compensatory damages including but not limited to back pay for the insidious practice of race and age discrimination according to proof;

4.  Granting compensatory damages for injuries and accompanying pain and suffering

5.  Attorney fees, costs and disbursements;

6.  Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

## AS AND FOR A SEVENTH CAUSE OF ACTION-STENA

36. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 35 as if fully set forth at length herein.

37. At all times material hereto, plaintiff is a resident of County of Nassau, State of New York at all times relevant in the complaint. Plaintiff is African-American and over forty years of age.

38. The Defendant Department of Education of the City of New York is a department of the City of New York and is responsible for the public education in the City of New York. The principal place of business is in the County of New York.

39. Jurisdiction over the defendant is predicated upon 28 U.S.C. 1331 and 1343 in that this is an action brought pursuant to 42 U.S.C. 1981 and the Constitution of the United States of America to redress an insidious pattern of racial discrimination. At all times material hereto, DOE, is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below. This Court has jurisdiction over this 1981 claim.

40. Plaintiff Stena was employed as a teacher from February 2000 and at Randolph High School from September 2003. Plaintiff never had any unsatisfactory annual performance rating during her lifetime career as a teacher until she was assigned to Randolph High School. At all times relevant, she performed her job competently.

41. However, there is a pattern and practice of racial (African-American) discrimination by defendants directed at the staff and particularly the teachers at Randolph High School. Plaintiff Salau has also been subject to race and age discrimination. Plaintiff Stena has been subjected by defendants who have final authority to implement this pattern and practice of discrimination as set forth below:

    a. Plaintiff Stena has been subjected to biased classroom observations;

    b. Plaintiff Stena has subjected to biased performance evaluations;

    c. Plaintiff Stena has been subjected to biased disciplinary charges;

    d.      Plaintiff Stena has been given unwelcome and less desirable job assignments;

    e.      Plaintiff Stena has been ostracized, humiliated and otherwise treated as a second class citizen in front of her peers;

    f.      Other acts of discrimination

    g.      No action has been taken against students that have threatened Plaintiff Stena and that were disruptive in her class;

    h.      Defendant Rubio has tried to provoke plaintiff on two separate occasions;

    i.      Plaintiff has received hostile e-mails;

42.    There are no reasons legitimate reasons for the above conduct and the only reason for said action is the insidious pattern of discrimination against African-American teachers at Randolph. (and due to age and race discrimination in violation of the Executive Law and Administrative Code of the City of New York).

43.    As a result of the defendants' actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1981, plaintiff has been deprived of equal employment opportunities in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. as amended by reason of race, and plaintiff has been deprived of equal employment opportunities based upon her age in violation of the ADEA, 29 U.S.C. 626 et. seq. as amended.

44.    As a result of defendants' actions, plaintiff suffered and was damaged.

45.    Defendants have deprived plaintiff of such rights under color of State Law.

                **PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

                **AS AND FOR A EIGHTH CAUSE OF ACTION-STENA**

46.    Plaintiff Stena repeats and realleges each and every allegations contained in paragraphs numbered 1 through 45 inclusive as if fully set forth at length herein.

47.    At all times relevant, Defendant employs more than four individuals and is thus an employer within the meaning of the Executive Law § 292 (5).

48.    At all times relevant, Plaintiff is an employee and individual within the meaning

of the Executive Law § 292 (1) and (6). Plaintiff is an African-American and over forty years of age.

49. As a result of the foregoing, defendant violated Executive Law § 296 (1) (a) by reason of her race and age.

50. As a result of defendant violating the Executive Law, plaintiff has been damaged.

<b>PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY</b>

<b>AS AND FOR A NINTH CAUSE OF ACTION-STENA</b>

51. Plaintiff Stena repeats and realleges each and every allegations contained in paragraphs numbered 1 through 50 inclusive as if fully set forth at length herein.

52. This Court has jurisdiction pursuant to New York City Administrative Code § 8-02. Within ten days of filing this amended complaint, plaintiff will be serving a copy of this complaint on New York City Commission on Human Rights and the New York City Corporation Counsel.

53. By reason of the foregoing, defendant violated New York City Administrative Code § 8-107 by discriminating against plaintiff due to her race and age. As a result of defendant violating the New York City Administrative Code plaintiff has been damaged.

WHEREFORE, plaintiff Stena prays that judgment be entered as follows:

1. Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of his rights, privileges and immunities as secured by the Constitution and laws of the United States, pursuant to 42 U.S.C. 1981 and by the Executive Law and Administrative Code of the City of New York;

2. Permanently enjoining the defendants from engaging in the practices complained of herein;

3. Granting compensatory damages including but not limited to back pay for the insidious practice of race and age discrimination according to proof;

4. Granting compensatory damages for injuries and accompanying pain and suffering

5. Attorney fees, costs and disbursements;

  6.  Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A TENTH CAUSE OF ACTION-PETERKIN**

  54.  Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53 as if fully set forth at length herein.

  55.  At all times material hereto, plaintiff is a resident of County of Westchester, State of New York at all times relevant in the complaint.

  56.  The Defendant Department of Education of the City of New York is a department of the City of New York and is responsible for the public education in the City of New York. The principal place of business is in the County of New York.

  57.  Jurisdiction over the defendant is predicated upon 28 U.S.C. 1331 and 1343 in that this is an action brought pursuant to 42 U.S.C. 1981 and the Constitution of the United States of America to redress an insidious pattern of racial discrimination. At all times material hereto, DOE, is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below. This Court has jurisdiction over this 1981 claim.

  58.  Plaintiff Peterkin was employed as a teacher from September 1992 and at Randolph High School from September 2005 and transferred in September 2007. Plaintiff never had any unsatisfactory annual performance rating during his lifetime career as a teacher until he was assigned to Randolph High School. At all times relevant, he performed her job competently.

  59.  However, there is a pattern and practice of racial (African-American) discrimination by defendants directed at the staff and particularly the teachers at Randolph High School. (Plaintiff Salau has also been subject to race and age discrimination as set forth below as to claims made under the Executive Law and the Administrative Code of the City of New York) Plaintiff Peterkin has been subjected by defendants who have final authority to implement this pattern and practice of discrimination as set forth below:

  a.  Plaintiff Peterkin has been subjected to biased classroom observations;

      b.      Plaintiff Peterkin has subjected to biased performance evaluations;

      d.      Plaintiff Peterkin has been given unwelcome and less desirable job assignments;

      e.      Plaintiff Peterkin has been ostracized, humiliated and otherwise treated as a second class citizen in front of her peers;

      f.      Other acts of discrimination

      g.      No action has been taken against students that have threatened Plaintiff Peterkin and that were disruptive in his class;

60.      There are no reasons legitimate reasons for the above conduct and the only reason for said action is the insidious pattern of discrimination against African-American teachers at Randolph  (and due to age and race discrimination in violation of the Executive Law and Administrative Code of the City of New York)

61.      As a result of the defendants' actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of his Federal rights under 42 U.S.C., Section 1981

62.      As a result of defendants' actions, plaintiff suffered and was damaged.

63.      Defendants have deprived plaintiff of such rights under color of State Law.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR AN ELEVENTH  CAUSE OF ACTION-PETERKIN**

64.      Plaintiff Peterkin repeats and realleges each and every allegations contained in paragraphs numbered 1 through 65 inclusive as if fully set forth at length herein.

65.      At all times relevant, Defendant employs more than four individuals and is thus an employer within the meaning of the Executive Law § 292 (5).

66.      At all times relevant, Plaintiff is an employee and individual within the meaning of the Executive Law § 292  (1) and (6).  Plaintiff is an African-American and over forty years of age.

67.      As a result of the foregoing, defendant violated Executive Law § 296 (1) (a) by reason of his race and age.

68.      As a result of defendant violating the Executive Law, plaintiff has been damaged.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A TWELFTH CAUSE OF ACTION-PETERKIN**

69.     Plaintiff Stena repeats and realleges each and every allegations contained in paragraphs numbered 1 through 68 inclusive as if fully set forth at length herein.

70.     This Court has jurisdiction pursuant to New York City Administrative Code § 8-02. Within ten days of filing this amended complaint , plaintiff will be serving a copy of this complaint on New York City Commission on Human Rights and the New York City Corporation Counsel.

71.     By reason of the foregoing, defendant violated New York City Administrative Code § 8-107 by discriminating against plaintiff due to his race and age.  As a result of defendant violating the New York City Administrative Code plaintiff has been damaged.

WHEREFORE, plaintiff Stena prays that judgment be entered as follows:

1.  Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of his rights, privileges and immunities as secured by the Constitution and laws of the United States, pursuant to 42 U.S.C. 1981 and by the Executive Law and Administrative Code of the City of New York;

2.  Permanently enjoining the defendants from engaging in the practices complained of herein;

3.  Granting compensatory damages including but not limited to back pay for the insidious practice of race and age discrimination according to proof;

4.  Granting compensatory damages for injuries and accompanying pain and suffering

5.  Attorney fees, costs and disbursements;

6.  Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A THIRTEENTH CAUSE OF ACTION-ANDERSON**

72.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 70 as if fully set forth at length herein.

73. At all times material hereto, plaintiff is a resident of County of Kings, State of New York at all times relevant in the complaint.

74. The Defendant Department of Education of the City of New York is a department of the City of New York and is responsible for the public education in the City of New York. The principal place of business is in the County of New York.

75. Jurisdiction over the defendant is predicated upon 28 U.S.C. 1331 and 1343 in that this is an action brought pursuant to 42 U.S.C. 1981 and the Constitution of the United States of America to redress an insidious pattern of racial discrimination. At all times material hereto, DOE, is a political subdivision of the State of New York existing by virtue of the laws of the State of New York and approved of the conduct more specifically set forth below. This Court has jurisdiction over this 1981 claim.

76. Plaintiff Anderson was employed as a teacher from September 1978 and at Randolph High School from January 1981. Plaintiff never had any unsatisfactory annual performance rating during her lifetime career as a teacher. At all times relevant, she performed her job competently.

77. However, there is a pattern and practice of racial (African-American) discrimination by defendants directed at the staff and particularly the teachers at Randolph High School. (Plaintiff Anderson has also been subject to race and age discrimination as set forth below as to claims made under the Executive Law and the Administrative Code of the City of New York) Plaintiff Anderson has been subjected by defendants who have final authority to implement this pattern and practice of discrimination as set forth below:

    a. Plaintiff Anderson has been subjected to biased disciplinary action;

    b. Plaintiff Anderson has been given unwelcome and less desirable job assignments;

    c. Other acts of discrimination

78. There are no reasons legitimate reasons for the above conduct and the only reason for said action is the insidious pattern of discrimination against African-American teachers at

Randolph (and due to age and race discrimination in violation of the Executive Law and Administrative Code of the City of New York).

79. As a result of the defendants' actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1981

80. As a result of defendants' actions, plaintiff suffered and was damaged.

81. Defendants have deprived plaintiff of such rights under color of State Law.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A FOURTEENTH CAUSE OF ACTION-ANDERSON**

82. Plaintiff Anderson repeats and realleges each and every allegations contained in paragraphs numbered 1 through 81 inclusive as if fully set forth at length herein.

83. At all times relevant, Defendant employs more than four individuals and is thus an employer within the meaning of the Executive Law § 292 (5).

84. At all times relevant, Plaintiff is an employee and individual within the meaning of the Executive Law § 292 (1) and (6). Plaintiff is an African-American and over forty years of age.

85. As a result of the foregoing, defendant violated Executive Law § 296 (1) (a) by reason of her race and age.

86. As a result of defendant violating the Executive Law, plaintiff has been damaged.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

**AS AND FOR A FIFTEENTH CAUSE OF ACTION-ANDERSON**

87. Plaintiff Anderson repeats and realleges each and every allegations contained in paragraphs numbered 1 through 87 inclusive as if fully set forth at length herein.

88. This Court has jurisdiction pursuant to New York City Administrative Code § 8-02. Within ten days of filing this amended complaint, plaintiff will be serving a copy of this complaint on New York City Commission on Human Rights and the New York City Corporation Counsel.

89. By reason of the foregoing, defendant violated New York City Administrative

Code § 8-107 by discriminating against plaintiff due to her race and age.  As a result of defendant violating the New York City Administrative Code plaintiff has been damaged.

WHEREFORE, plaintiff Anderson  prays that judgment be entered as follows:

1. Declaring that the actions and inactions of the defendants as complained of herein, intentionally deprived plaintiff of his rights, privileges and immunities as secured by the Constitution and laws of the United States, pursuant to 42 U.S.C. 1981 and by the Executive Law and Administrative Code of the City of New York;

2. Permanently enjoining the defendants from engaging in the practices complained of herein;

3. Granting compensatory damages including but not limited to back pay for the insidious practice of race and age discrimination according to proof;

4. Granting compensatory damages for injuries and accompanying pain and suffering;

5. Attorney fees, costs and disbursements;

6. Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

Dated: New York, New York
August 26, 2009

Yours, etc.,

s/Stewart Lee Karlin
STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, New York, 10007
(212) 732-9450