UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CHARLES R. SELF, OREOLUWA SALAU,
JOYCE STENA, GLENN PETERKIN, and
PHYLLIS ANDERSON,

                                    Plaintiffs,

             -against-

DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, and HENRY RUBIO individually
and as Principal of Randolph High School, and
ROSALIE DAVID individually and as Assistant
Principal of Randolph High School,

                                 Defendants.

**ANSWER TO
AMENDED
COMPLAINT**

08 Cv 06743 (SHS)

-----------------------------------------------------------------------x

        Defendants, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as their answer to the amended complaint allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the residence, age or race of plaintiff Self.

        2.    Deny the allegations set forth in paragraph "2" of the amended complaint except admit that the Department of Education ("DOE") is an employer and respectfully refer the Court to Section 2590 of the Education Law for the full text and statement of the duties and responsibilities of the DOE.

        3.    Deny the allegations set forth in paragraph "3" of the amended complaint, except deny knowledge or information sufficient to form a belief as to whether duly filed a

formal complaint and whether a Notice of Right To Sue Letter was issued, except admit that plaintiff Self purports to invoke the jurisdiction of this Court as set forth in that paragraph.

4.     Deny the allegations set forth in paragraph "4" of the amended complaint ,except deny knowledge and information to from a belief as to whether plaintiff Self had received unsatisfactory annual performance ratings during his career prior to his assignment to Randolph High School, and admit that plaintiff Self commenced employment with DOE in 1981, in 2004 was appointed to a teaching position at A. Philip Randolph High School, and that he resigned from the DOE on March 25, 2008.

5a     Deny the allegations set forth in paragraph "5" of the amended complaint, subparagraphs a-f inclusive of the amended complaint.

6.     Deny the allegations set forth in paragraph "6" of the amended complaint.

7.     Deny the allegations set forth in paragraph "7" of the amended complaint.

8.     Deny the allegations set forth in paragraph "8" of the amended complaint.

9.     Deny the allegations set forth in paragraph "9" of the amended complaint.

10.     In response to the allegations set forth in paragraph "10" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"9" of the amended complaint with the same force and effect as if fully set forth herein.

11.     Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that defendant DOE employs more than four individuals and respectfully refer the Court to Executive Law §292 (5) for the full text and content thereof. 12.

12.     Deny the allegations set forth in paragraph "12" of the amended complaint except deny knowledge or information sufficient to form a belief as to plaintiff Self's age or race

and respectfully refer the Court to Executive Law §292 (1) and (6) for the full text and content thereof.

13.   Deny the allegations set forth in paragraph "13" of the amended complaint.

14.   Deny the allegations set forth in paragraph "14" of the amended complaint.

15.   In response to the allegations set forth in paragraph "15" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"14" of the amended complaint with the same force and effect as if fully set forth herein.

16.   Deny the allegations set forth in paragraph "16" of the amended complaint.

17.   Deny the allegations set forth in paragraph "17" of the amended complaint including denying the allegations set forth in the WHEREFORE clause.

18.   In response to the allegations set forth in paragraph "18" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"17" of the amended complaint with the same force and effect as if fully set forth herein.

19   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the amended complaint.

20   Deny the allegations set forth in paragraph "20" of the amended complaint , and respectfully refer the Court to Section 2590 of The Education Law for the full text and statement of the duties and responsibilities of the DOE.

21   Deny the allegations set forth in paragraph "21" of the amended complaint except, admit that plaintiff Salau purports to invoke the jurisdiction of this Court as set forth in that paragraph.

22   Deny the allegations set forth in paragraph "22" of the amended complaint, except deny knowledge and information to from a belief as to whether plaintiff Salau had been a

college professor in Nigeria and whether plaintiff Salau had received unsatisfactory annual performance ratings prior to her assigned at Randolph High School, and admit that plaintiff Salau commenced employment at DOE in September 1996 and was assigned to A. Philip Randolph High School in September 2001.

   23a. Deny the allegations set forth in paragraph "23," subparts a-g inclusive of the amended complaint.

   24. Deny the allegations set forth in paragraph "24" of the amended complaint.

   25. Deny the allegations set forth in paragraph "25" of the amended complaint.

   26. Deny the allegations set forth in paragraph "26" of the amended complaint.

   27. Deny the allegations set forth in paragraph "27" of the amended complaint.

   28. In response to the allegations set forth in paragraph "28" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"27" of the amended complaint with the same force and effect as if fully set forth herein.

   29. Deny the allegations set forth in paragraph "29" of the amended complaint except admit that defendant DOE employs more than four individuals and respectfully refer the Court to Executive Law §292 (5) for the full text and content thereof.

   30. Deny the allegations set forth in paragraph "30" of the amended complaint, except deny knowledge or information sufficient to form a belief as to plaintiff Salau's age or race and respectfully refer the Court to Executive Law §292 (1) and (6) for the full text and content thereof.

   31. Deny the allegations set forth in paragraph "31" of the amended complaint.

   32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33.   In response to the allegations set forth in paragraph "33" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"32" of the amended complaint with the same force and effect as if fully set forth herein.

34.   Deny the allegations set forth in paragraph "34" of the amended complaint.

35.   Deny the allegations set forth in paragraph "35" of the amended complaint including denying the allegations set forth in the WHEREFORE clause.

36.   In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"35" of the amended complaint with the same force and effect as if fully set forth herein.

37.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the amended complaint.

38   Deny the allegations set forth in paragraph "38" of the amended complaint and respectfully refer the Court to Section 2590 of The Education Law for the full text and statement of the duties and responsibilities of the DOE.

39   Deny the allegations set forth in paragraph "39" of the amended complaint except admit that plaintiff Stena purports to invoke the jurisdiction of this Court as set forth in that paragraph.

40   Deny the allegations set forth in paragraph "40" of the amended complaint, except deny knowledge and information to from a belief as to whether plaintiff Stena had previously received unsatisfactory annual performance ratings during her career, and admit that plaintiff Stena began employment with DOE in February 2000 as a per diem substitute and was appointed as a teacher at A. Philip Randolph High School in September 2003.

73.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the amended complaint.

74.  Deny the allegations set forth in paragraph "74" of the amended complaint and refer the Court to Section 2590 of The Education Law for the full text and statement of the duties and responsibilities of the DOE.

75.  Deny the allegations set forth in paragraph "75" of the amended complaint, except admit that plaintiff Anderson purports to invoke the jurisdiction of this Court as set forth in that paragraph.

76.  Deny the allegations set forth in paragraph "76" of the amended complaint, except deny knowledge and information to from a belief as to whether plaintiff Anderson previously received unsatisfactory annual performance ratings in her career.

77a.   Deny the allegations set forth in paragraph "77"subparts a-c inclusive of the amended complaint.

78.   Deny the allegations set forth in paragraph "78" of the amended complaint.

79.   Deny the allegations set forth in paragraph "79" of the amended complaint.

80.   Deny the allegations set forth in paragraph "80" of the amended complaint.

81.   Deny the allegations set forth in paragraph "81" of the amended complaint.

82.   In response to the allegations set forth in paragraph "82" of the amended complaint, defendants repeat and reallege their responses to paragraphs "1"-"81" of the amended complaint with the same force and effect as if fully set forth herein.

83.  Deny the allegations set forth in paragraph "83" of the amended complaint, except admit that defendant DOE employs more than four individuals and respectfully refer the Court to Executive Law §292 (5) for the full text and content thereof.

to prevent and correct promptly any of the actions or inactions about which plaintiff complains of.

### AS AND FOR A TENTH DEFENSE:

99.   The injuries, if any, alleged to be sustained by plaintiffs on the occasions mentioned in the amended complaint, were wholly, or in part, caused by the culpable conduct of plaintiffs.

### AS AND FOR AN ELEVENTH DEFENSE:

100.   Upon information and belief plaintiffs failed to mitigate damages.

**WHEREFORE,** defendants respectfully request judgment dismissing the amended complaint together with such other relief as the Court deems just and proper.

Dated: New York, New York
      November 4, 2009

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants
                    100 Church Street
                    Room 2-171
                    New York, New York 10007
                    (212) 788-0897

By:                      

                    ISAAC KLEPFISH (IK 3478)
                    Assistant Corporation Counsel

Index No.  08 Cv 06743 (SHS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>CHARLES R. SELF, OREOLUWA SALAU,<br>JOYCE STENA, GLENN PETERKIN, and<br>PHYLLIS ANDERSON,<br><br>                              Plaintiffs,<br><br>                -against-<br><br>DEPARTMENT OF EDUCATION OF THE CITY<br>OF NEW YORK, and HENRY RUBIO<br>individually and as Principal of Randolph High<br>School, and ROSALIE DAVID individually and as<br>Assistant Principal of Randolph High School,<br><br>                            Defendants. |
| **ANSWER TO AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>      *Corporation Counsel of the City of New York*<br><br>      *Attorney for Defendants*<br>      *100 Church Street*<br>      *New York, N.Y. 10007*<br><br>      *Of Counsel: Isaac Klepfish*<br>      *Tel: (212) 788-0897*<br>      *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................................, 199 . . .*<br><br>*.................................................................... Esq.*<br><br>*Attorney for ..........................................................* |

- 13 -